**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MILAN EDWARD JURKOVIC, <br><br> Defendant - Appellant. | No. 24-3720 <br><br> D.C. No. 2:23-cr-00001-RSL-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted October 22, 2025**
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Milan Jurkovic appeals his conviction for abusive sexual contact onboard an aircraft in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. After the jury returned a guilty verdict, two jurors told a courtroom deputy that "they felt coerced by other jurors during deliberations and felt there was reasonable doubt regarding Mr. Jurkovic's guilt." Jurkovic argues that the district court's response to those statements "failed to apply this Court's legal standard for claims of jury tampering." We review de novo "whether the trial court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

If there is a prima facie showing of jury tampering, "we presume prejudice and put a heavy burden on the government to rebut the presumption." *United States v. Dutkel*, 192 F.3d 893, 894 (9th Cir. 1999). The presumption of prejudice is necessary "to guard jealously the sanctity of the jury's right to operate as freely as possible from outside unauthorized intrusions." *Remmer v. United States*, 350 U.S. 377, 382 (1956); *see* Fed. R. Evid. 606(b)(1) ("During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations.").

After a hearing, the district court found that the statements at issue—which did not involve outside influences on the jury—did not rise to the level of coercion or otherwise implicate Jurkovic's Sixth Amendment right to an impartial jury. The district court therefore correctly held that a presumption of prejudice did not arise.

2. Jurkovic argues that, even absent a presumption of prejudice, the

district court erred by not allowing his counsel to question the two jurors after they were examined by the court. We review the district court's "response to allegations of juror bias or misconduct" for abuse of discretion. *United States v. Hendrix*, 549 F.2d 1225, 1227–29 (9th Cir. 1977).

The district court did not abuse its discretion. Federal Rule of Evidence 606(b) "imposes a nearly categorical bar on juror testimony about statements or events during the jury's deliberations." *United States v. Leung*, 796 F.3d 1032, 1036 (9th Cir. 2015) (cleaned up). The district court therefore reasonably determined after hearing the two jurors' statements "that a new trial would not be warranted even assuming the truth of the allegations about the juror comments." *United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012). The judge's questioning established that "the seriousness of the alleged misconduct . . . was minimal," and the court therefore did not abuse its discretion in finding further questioning unnecessary. *United States v. Montes*, 628 F.3d 1183, 1188 (9th Cir. 2011) (cleaned up).

3. Jurkovic argues that "prosecutorial misconduct during closing argument requires a reversal and remand for a new trial." Because Jurkovic did not object to the alleged misconduct at trial, we review for plain error. *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015).

Jurkovic alleges that the prosecutor misstated the burden of proof by telling the jury that "credible testimony of a victim is proof beyond a reasonable doubt."

However, this statement "must be viewed in context." *United States v. Young*, 470 U.S. 1, 11 (1985). The victim testified that Jurkovic touched her inner thigh, and "[i]t is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction." *United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015). Because "all the jury had to do was credit" the victim's testimony to find Jurkovic guilty, the prosecutor's statement was not plain error. *Id*.

Jurkovic also argues that the prosecutor "improperly commented on Mr. Jurkovic's exercise of his constitutional rights to trial and confrontation" and improperly appealed "to the jurors' emotions and sympathy." During closing argument, the prosecutor stated that the victim "came in here and testified, too. She got up there and talked about this experience, what it was like, in front of everyone. So not only does [she] not have any motive to fabricate this, she also had to bear the consequences of coming forward."

In *Plascencia v. Alameida*, we found no plain error when a prosecutor asked the jury "to consider what [the witness] had been through and how difficult it would be . . . to recount the story during a criminal trial." 467 F.3d 1190, 1197 (9th Cir. 2006). We observed that this statement was made to "help explain [the witness's] inconsistent identifications" rather than to determine guilt. *Id*. at 1203. Nothing in the record indicates that the prosecutor commented on the victim's hardship for any

purpose other than establishing the "lack of a motive to fabricate," so we find no plain error.

**AFFIRMED.**

24-3720